## TEXAS LIQUOR CONTROL BOARD v. WHITEFIELD.

### No. 3805.

Court of Civil Appeals of Texas. El Paso.
March 16, 1939.

Rehearing Denied April 13, 1939.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Asst. Atty. Gen., for appellant.

Hudson & Hudson, of Pecos, for appellee.

NEALON, Chief Justice.

This is an appeal from an order of the District Court of Ward County overruling what is termed a "plea of privilege" filed by the Attorney General in behalf of the Texas Board of Liquor Control. Appellee Joe Whitefield brought suit against Irby Dyer, Sheriff of Ward County, Dan E. Root, George Connell and L. E. Morris. He alleged that he was engaged in the liquor business in the town of Pyote in Ward County, and that the defendants other than Dyer were Liquor Control officers; that they seized, without lawful authority, a stock of liquor of the reasonable market value of $5000, took possession of it and delivered it to Sheriff Dyer; that the latter held possession by virtue of said unlawful seizure, and that the defendants were threatening to sell said stock at public sale or remove it from Ward County. He alleged it was seized in Ward County. He prayed for permanent injunction, with temporary injunction pending final hearing, and for general relief.

The Attorney General then in office filed a plea to the jurisdiction of the court upon the ground that jurisdiction was lacking because defendants were performing official duties as representatives of the Texas Liquor Control Board and, therefore, only the courts of Travis County had jurisdiction of a suit of this character. The defendants, except Dyer, also filed a joint plea of privilege, alleging that none of them were residents of Ward County, Morris and Connell claiming Howard County as their place of residence, while Root alleged· that he resided in Reeves County. This plea was filed on May 6, 1938. May 18, 1938, Joe Whitefield filed a controverting plea alleging that the wrongful acts of defendants were committed in Ward County, and that defendant Irby Dyer was a resident of that county.

July 3, 1938, the court entered an order reciting that it had heard what it termed "the plea of privilege filed herein by Texas Board of Liquor Control on the 6th day of May, A. D. 1938," and overruled the same. The Texas Board of Liquor Control excepted, gave notice of appeal, and prosecutes this appeal.

## Opinion.

■ The first question to be determined is: Is this a suit against Texas Board of Liquor Control or against the officers as individuals? The Texas Board of Liquor Control as such was not named as a formal party to the suit in the pleadings of plaintiff. He sought no relief against the Board as such. The officers who were alleged to have made the seizure were named as the movents in the motion to dismiss for want of jurisdiction.

No facts were pleaded showing that the seizure was lawfully made under authority of the Board of Liquor Control. Neither does the statement of facts reflect that the seizure was so made. Nowhere is it alleged or proved that the seizure was made by virtue of a lawfully issued search warrant or under circumstances rendering such a warrant unnecessary. It is alleged by appellee that the seizure was unlawfully made. If the seizure were made without lawful authority, the act was not that of the Board or the Administrator, as such, the officers making the seizure were trespassers and the suit was against them as individuals and not against the Board. Bates v. Clark, 95 U.S. 204, 209, 24 L.Ed. 471, cited approvingly by the Texas Supreme Court in Stanley v. Schwalby, 85 Tex. 348, 19 S.W. 264; United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171.

In view of the pleadings and the evidence and in conformity with the doctrines stated in the cited cases, we hold that the court did not err in overruling the motion to dismiss.

■ No appeal was prosecuted in behalf of the various individuals seeking a transfer of the case to any one of their respective counties. The plea of privilege filed in behalf of the various individuals was verified only by Morris. It did not contain the essential allegation that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause." Article 2007, R.C.S. However, it is unnecessary to pass upon the adequacy of the plea or its verification or whether it was error to consider the controverting affidavit on account of its being filed late, no appeal having been prosecuted by the individual defendants as such.

The judgment of the District Court is affirmed.